**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE PAUL VIGIL,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>    Respondent. | No. 2:20-CV-1048-WBS-DMC-P<br><br><br><br>ORDER |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 28.

This action proceeds on the original petition. See ECF No. 1. Petitioner states that he is serving an indeterminate life sentence based on a March 10, 1998, conviction. See id. at 1. Petitioner asserts two claims for relief as follows:

    Ground One    Fifth and Fourteenth Amendment constitutional rights to due process were violated by CDCR [California Department of Corrections and Rehabilitation] and state courts denying Petitioner a Proposition 57 parole release because Petitioner is entitled to immediate parole release from Mule Creek State Prison under Proposition 57 applies to Petitioner's nonviolent primary offense of failing to inform in writing within ten days the law enforcement agency with whom he was last registered of his new address while excluding his four prior strikes enhancements sentence.

///

|   |   |
|---|---|
| Ground Two | By the state courts denying Petitioner 3 ½ years credits on dismissal felony charges he served as he is entitled to 3 ½ years credit towards his current sentence in Case No. 187133, and should consider time served and release Petitioner from state prison. |

Id. at 5.

Respondent argues Petitioner's claims are not cognizable because they do not lie at the core of habeas corpus. See ECF No. 28, pgs. 3-4.  The Court agrees.

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").

In Nettles v. Grounds, the Ninth Circuit addressed a similar situation.  See 830 F.3d 922 (9th Cir. 2016).  Nettles, a state prisoner serving a life sentence, appealed the district court's dismissal of his habeas petition for lack of jurisdiction.  See id. at 924-25.  Nettles's petition challenged a 2008 prison disciplinary decision resulting in, among other things, a loss of good-time credits.  See id. at 926.  The District Court dismissed the petition, "holding that he [Nettles] could not show that expungement of the 2008 rules violation report was likely to accelerate his eligibility for parole." Id. at 927.  Citing Preiser, the Ninth Circuit agreed, concluding that "because Nettles's claim does not fall within the 'core of habeas corpus,' Prieser v. Rodriguez, 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), it must be brought, if at all, under 42 U.S.C. § 1983." Id. at 925-26.

///

A claim lies at the core of habeas when success on the claim could necessarily lead to an immediate or speedier release. See id. at 934-35. The Ninth Circuit concluded that success on Nettles's claim, which would result in expungement of the 2008 rules violation and restoration of the lost good-time credits, would not necessarily speed Nettles's release because, as an inmate serving an indeterminate life sentence, the decision to grant or deny parole lies within the discretion of the Board of Parole Hearings. See id. at 935-36. While restored good-time credits might affect the parole decision or entitle the inmate to an earlier consideration for parole, restored good-time credits would not necessarily lead to an earlier release from prison. See id.

Respondent argues:

> Here, Vigil's Petition alleges that he was improperly excluded from early parole consideration under Proposition 57. (*See* ECF 23 at 5.) Vigil admits he is serving an indeterminate life sentence for his 1998 conviction. (ECF at 23 at 1; *see also* ECF 23 at 7.) Vigil also admits that he had a parole consideration hearing in January 2019. (*See* ECF 23 at 19 [referring to regularly scheduled parole consideration hearing], 34 [noting that superior court found Vigil's habeas petition to that court was mooted by his January 8, 2019 parole hearing] 79 [Super. Ct. Order dated 02/13/19, referring to Vigil's parole consideration and finding it mooted his habeas petition].)
> If this Court were to conclude that Vigil, is entitled to nonviolent parole consideration—and Respondent maintains he is not, the only relief to which Vigil would be entitled is a parole consideration hearing. Thus, his claims fall outside federal habeas corpus jurisdiction because success here would not necessarily lead to his earlier release. . . .
>
> * * *
>
> Vigil's second claim seeking additional credits is similarly flawed since he has already had his first parole consideration hearing, and his release to parole will be determined by the Board at a future parole consideration hearing. *See* Cal. Pen. C. § 3041. Thus, notwithstanding Vigil's claims, the credits that he seeks to apply to his current sentence will have no effect on the length of his custody. As a result, this claim is not amenable to federal habeas relief either.

ECF No. 28, pgs. 3-4.

Like the situation in Nettles, Petitioner's claims do not lie at the core of habeas because success on either claim would not necessarily mean Petitioner is entitled to an earlier or immediate release from prison. Rather, as Respondent notes, success on the merits of Petitioner's claims would, at best, entitle Petitioner to consideration for parole at the Board of Parole Hearings' discretion.

3

When a habeas corpus action is filed which states claims cognizable under § 1983, the district court may recharacterize the action as a civil rights action where the action is amenable to such recharacterization. See Nettles, 830 F.3d at 936. A habeas action is amendable to recharacterization when it names the correct defendants and seeks the correct relief. See id. If the district court is inclined to recharacterize a habeas action as a civil rights action, it may only do so after "notifying and obtaining informed consent from the prisoner." Id.

The Court does not recommend recharacterization of Petitioner's habeas action. Specifically, the petition does not name the proper defendant for a civil rights action. Here, Petitioner names the prison warden as the Respondent. The prison warden, however, would not be the proper defendant to a civil rights action raising the claims Petitioner raises in his habeas action. The proper defendant would be the prison official allegedly responsible for the misapplication of Proposition 57 in the context of parole consideration.

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 28, be granted and that Petitioner's "Motion for Judgment," ECF No. 29, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE